IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 2:25-1233 |
| v. | 18 U.S.C. § 2 |
| **MARVIN RASHAD PENDARVIS** | 18 U.S.C. § 1028A |
| | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 1956(a)(1)(A)(i) |
| | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | 18 U.S.C. § 1957 |
| | 18 U.S.C. § 981(a)(1)(C) |
| | 18 U.S.C. § 982(a)(1) |
| | 28 U.S.C. § 2461(c) |
| | **INDICTMENT** |

**BACKGROUND**

1.     The Defendant **MARVIN RASHAD PENDARVIS**, at all times pertinent to this Indictment, was, and is, a resident of Charleston County, South Carolina.

2.     At all times pertinent to the Indictment, the Defendant **MARVIN RASHAD PENDARVIS** was a personal injury attorney licensed by the State of South Carolina who represented individuals in civil claims following injury, death, and other loss.

3.     At all times pertinent to the Indictment, the Defendant **MARVIN RASHAD PENDARVIS** was a member of the South Carolina House of Representatives.

**Counts 1 through 4**
**18 U.S.C. § 1343**
**(Wire Fraud)**

**THE GRAND JURY CHARGES:**

4.     The factual allegations of paragraphs 1 through 3 of this Indictment are re-alleged as though fully set forth herein.

*The Scheme to Defraud*

5.     From at least as early as January 2022 through at least April 2024, in the District of South Carolina and elsewhere, the Defendant **MARVIN RASHAD PENDARVIS,** as a principal and/or aider and abettor, knowingly devised and intended to devise a scheme to defraud his clients and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and the concealment of material facts, and during such period, knowingly transmitted and caused to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, for the purpose of executing the scheme and artifice to defraud his clients, in violation of Title 18, United States Code, Section 1343.

*Manner and Means of the Scheme to Defraud*

6.     The manner and means by which Defendant **MARVIN RASHAD PENDARVIS**, as a principal and/or aider and abettor, along with others known and unknown to the Grand Jury, sought to accomplish the scheme to defraud include the following:

a.     It was part of the scheme that Defendant **MARVIN RASHAD PENDARVIS** represented certain individuals who had been injured and/or suffered loss.

2

    b.    The purpose of the representation was for Defendant **MARVIN RASHAD PENDARVIS** to pursue claims, file lawsuits and/or negotiate settlements on behalf of his clients.

    c.    As part of the scheme, the Defendant **MARVIN RASHAD PENDARVIS** negotiated settlements on behalf of clients but failed to inform the clients that a settlement had been obtained and/or informed the clients that the settlement was for less than had actually been received.

    d.    In some cases, as further part of the scheme, the Defendant **MARVIN RASHAD PENDARVIS** fraudulently signed the client's names on settlement releases with an insurance company.

    e.    Also, in certain situations, the Defendant **MARVIN RASHAD PENDARVIS** filed settlement documents with the Clerk of Court without his clients' knowledge and/or approval of the settlement.

7.    That on or about the dates specified below, in the District of South Carolina and elsewhere, the Defendant **MARVIN RASHAD PENDARVIS**, as a principal and/or aider and abettor, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, did transmit and cause to be transmitted in interstate commerce, by means of wire communications, the writings, signs, and signals, further described below, each transmission constituting a separate count:

| Count | Date | Amount | Description of Wire Communication |
|-------|------|--------|-----------------------------------|
| 1 | 6/8/2023 | $100,000.00 | Deposit of Progressive Northern Insurance Company check into Pendarvis Law LLC IOLTA Pinnacle Bank account ending in 1509 for settlement pertaining to A.L. |

| 2 | 2/1/2024 | $10,000.00 | Deposit of Sedwick check into Pendarvis Law LLC IOLTA Pinnacle Bank account ending in 1509 for settlement pertaining to K.W. |
| 3 | 2/23/2024 | $100,000.00 | Deposit of State Farm Mutual Automobile Insurance Company check into Pendarvis Law LLC IOLTA Pinnacle Bank account ending in 1509 for settlement pertaining to H.J. |
| 4 | 3/13/2024 | $25,000.00 | Deposit of Liberty Mutual Insurance Company check into Pendarvis Law LLC IOLTA Pinnacle Bank account ending in 1509 for settlement pertaining to M.B. |

8.      Through the scheme described above, the Defendant **MARVIN RASHAD PENDARVIS** obtained settlement funds in the amount of at least $532,000.00 that were deposited into Pendarvis Law LLC's IOLTA Pinnacle Bank account ending in 1509 to which he did not pay his clients any portion of the received settlement funds.

All in violation of Title 18, United States Code, Sections 1343 and 2.

<u>**Count 5**</u>
**(Aggravated Identity Theft)**

**THE GRAND JURY FURTHER CHARGES:**

9.      Paragraphs 1 through 8 of this Indictment are incorporated herein by reference.

10.      On or about October 24, 2023, in the District of South Carolina, the Defendant **MARVIN RASHAD PENDARVIS**, during and in relation to a felony violation as enumerated in Title 18, United States Code, Section 1028A(c)(5), as specified in Count 1 above, which is incorporated herein by reference, as a principal and/or aider and abettor, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is "A.L." and "K.L.", individuals known to the grand jury;

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Count 6
### (Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES:**

11.     Paragraphs 1 through 8 of this Indictment are incorporated herein by reference.

12.     On or about January 17, 2024, in the District of South Carolina, the Defendant **MARVIN RASHAD PENDARVIS**, during and in relation to a felony violation as enumerated in Title 18, United States Code, Section 1028A(c)(5), as specified in Count 2 above, which is incorporated herein by reference, as a principal and/or aider and abettor, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is "K.W." and "S.W.", individuals known to the Grand Jury;

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Count 7
### (Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES:**

13.     Paragraphs 1 through 8 of this Indictment are incorporated herein by reference.

14.     On or about March 29, 2024, in the District of South Carolina, the Defendant **MARVIN RASHAD PENDARVIS**, during and in relation to a felony violation as enumerated in Title 18, United States Code, Section 1028A(c)(5), as specified in Count 4 above, which is incorporated herein by reference, as a principal and/or aider and abettor, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is "M.B.", an individual known to the Grand Jury;

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**Counts 8 and 9**
**18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i)**
**(Promotion and Concealment Money Laundering)**

15.      Paragraphs 1 through 3 and 6, including subparts, of this Indictment are incorporated herein by reference.

16.      On or about the dates listed below in the District of South Carolina, and elsewhere, the Defendant **MARVIN RASHAD PENDARVIS**, as a principal and/or aider and abettor, knowing that the property involved in the financial transactions listed below represented the proceeds of some form of unlawful activity, knowingly and willfully conducted and caused to be conducted the financial transactions identified below, which were designed, in whole or in part, to promote the carrying on of a specific unlawful activity and/or conceal and disguise the nature, location, source, ownership, and control of the proceeds of the unlawful activity, to wit: wire fraud in violation of Title 18, United States Code, Sections 1343 and 2, and each transaction affecting interstate commerce, in that the Defendant **MARVIN RASHAD PENDARVIS**, as a principal and/or aider and abettor, drew or caused to be drawn upon Pendarvis Law LLC's Pinnacle Bank IOLTA account ending in 1509, the wires as identified below:

| Count | Date | Description of Financial Transaction |
|-------|------|--------------------------------------|
| 8 | 6/9/2023 | Wire in the amount of $50,000 to NFCU saving account in the name of B.B. ending in 1278 |
| 9 | 6/16/2023 | Wire in the amount of $25,000 to NFCU saving account in the name of B.B. ending in 1278 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

## Count 10
### 18 U.S.C. § 1957
### (Engaging in Monetary Transactions in Property Derived
### from Specified Unlawful Activity)

**THE GRAND JURY FURTHER CHARGES:**

17.    Paragraphs 1 through 3 and 6, including subparts, of this Indictment are incorporated herein by reference.

18.    That on or about August 10, 2023, in the District of South Carolina, Defendant **MARVIS RASHAD PENDARVIS** did knowingly engage and attempt to engage in a monetary transaction, by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is Defendant **MARVIN RASHAD PENDARVIS** transferred $60,000.00 from Pendarvis Law LLC IOLTA Pinnacle Bank account ending in 1509 to Navy Federal Credit Unit ("NFCU") bank account ending in 8280, for which B.B., an individual known to the Grand Jury, was an account holder, such property having been derived from a specific unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343;

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE

WIRE FRAUD:

      Upon conviction to violate Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, **MARVIN RASHAD PENDARVIS**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses.

MONEY LAUNDERING:

      Upon conviction to violate Title 18, United States Code, Sections 1956 and 1957 as charged in this Indictment, the Defendant, **MARVIN RASHAD PENDARVIS**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

PROPERTY:

      Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to the following:

(a)    <u>Proceeds/Forfeiture Judgment</u>:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of $532,000.00 in United States currency and all interest and proceeds traceable thereto, and/or such sum that equals all property traceable to his violation of 18 U.S.C. § 1343.

(b)    <u>Money Laundering/Forfeiture Judgment</u>:

A sum of money equal to all property involved in the money laundering offenses charged in this Indictment, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of his violation of 18 U.S.C. §§ 1956 and 1957.

<u>SUBSTITUTE ASSETS</u>:

If any of the property described above, as a result of any act or omission of a Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

A _____ True _____ BILL

FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:_____
Amy F. Bower (Fed. Id No. 11784)
John W. Sowards (Fed. Id. No. 11844)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina 29401
Telephone: (843) 727-4381
Email: amy.bower@usdoj.gov
Email: John.sowards@usdoj.gov